## HRABOWSKI'S Ex'rx v. HERBERT, DANIEL & Co.

1. Where a motion is made to exclude *all the testimony* given by a witness, *a part* of which is admissible, the Court is not bound to distinguish the legal from the illegal evidence, but may overrule the motion *in toto.*

WRIT of Error to the County Court of Lowndes.

This was an action of trover brought by the defendants in error against the plaintiff's testator, to recover damages for the conversion of a gold watch, chain and seal. Pending the cause the testator died, and it was regularly revived against his executrix.

On the trial the defendant excepted to the ruling of the presiding Judge. From the bill of exceptions it appears that the plaintiff introduced one Hartwell as a witness, who testified that the firm of Herbert, Daniel & Co. consisted of E. H. Herbert, Isaac N. Daniel and N. Cook, and did business as merchants in Hayneville. Among other goods for sale by them was a gold watch—this watch he saw in the possession of Dr. Sturgus, but was not present when he obtained it; recollects however that he came to the store and remarked to Mr. Daniel, "Your watch dont keep time." Thereupon Daniel and Sturgus taking the watch with them, went to the watch-maker's. The defendants kept books in which were made entries of sales. When an article was sold for cash it was entered on the cash book, when on a credit in the regular book of entries.

Witness was a Clerk of the defendants, and stated that no entry of the sale of the watch was to be found in any of their books. The watch was worth one hundred and seventy-five dollars, and was seen in Sturgus' possession in 1836 or 7; in the latter year Sturgus died. To the admission of this evidence the defendant objected, but his objection was overruled and it was permitted to go to the jury, who returned a verdict for the plaintiffs, on which the judgment was rendered.

T. WILLIAMS, for the plaintiff in error, insisted that the Circuit Court erred in permitting the witness Hartwell, to relate

the conversation between Dr. Sturgus and Daniel, one of the plaintiffs below. It was also illegal to permit the witness to prove that the books of the firm contained no entry of a sale of the watch to Dr. Sturgus; the books themselves not being produced or their absence accounted for.

Cook, for the defendant. The bill of exceptions is defective and presents no point. [Stone v. Stone, 1 Ala. Rep. 582.] A part of the testimony of the witness was certainly admissible, consequently the motion to reject all was properly denied. [Litchfield v. Falconer, 2 Ala. Rep. 280.] The rule which requires the production of written evidence when extant, does not make it necessary to produce books in which no such entry as the witness spoke of was made.

COLLIER, C. J.—It was certainly competent for the plaintiffs to show, that the watch, with the conversion of which the testator was charged, was once the property of the plaintiffs, and in their possession as such. Thus far the testimony of the witness, Hartwell, is not here objected to. Whether it was admissible as to the other facts related by him, it is unnecessary to inquire. The bill of exceptions sets out all that the witness testified on the part of the plaintiffs, and the defendant objected to it *en masse.* Now it has been repeatedly adjudged by us, that where evidence embraces several distinct facts, as to some of which it is admissible and as to others not, the party objecting to it must particularize so as to distinguish by his objection, the part which is competent from that which is illegal. If he does not, the Court is not obliged to do it for him, but may overrule the objection *in toto.* This principle applies with all force to the present case; and without considering whether the entire testimony was admissible, we are satisfied that the refusal of the Court to exclude it, is not available on error.

The judgment is consequently affirmed.