## SMITH vs. WOODING.

1. In assumpsit for the use and occupation of land for two years, it is not error for the court to refuse to dismiss the suit, either of its own motion, or at the instance of the defendant, upon the plaintiff's statement that he had never claimed but for one year's occupation, and that the suit was brought at the instance, and for the benefit, of another person, who had indemnified him against the costs.

2. Nor is it error to refuse to permit such voluntary statement to be proven to the jury.

3. When the vendee enters into the possession of land under a parol contract of purchase, by the terms of which he was to pay "$500 down, and $500 twelve months afterwards," and he entirely fails to pay the purchase money, and, after remaining in possession for more than twelve months, abandons the land, the vendor, if he is in no fault, may recover in assumpsit, for use and occupation, the value of the land during the time the vendee so held it.

ERROR to the Circuit Court of Tallapoosa.

Tried before the Hon. E. Pickens.

This was an action of assumpsit by Wooding against Smith, for the use and occupation of land. The plaintiff proved, "that he sold the defendant a tract of land by a verbal contract, and put him in possession; that defendant was to pay him $500 down, and $500 twelve months after, and was to enter into a written contract with plaintiff respecting the land, to be drawn up by one Pickard, and that defendant failed to pay plaintiff according to the contract. It also appeared in evidence that defendant informed one Shropshire that he would not let Pickard draw up the writings, but said he was willing for one Winslett to draw them; but there was no evidence that plaintiff knew this; that defendant, in reply to a message from Pickard to come over and settle about the land, stated that he would not have anything to do with the land, which was communicated to plaintiff. The evidence tended to show that Pickard was, by an understanding between him and defendant, to take a part of the land, and that he and defendant had had some controversy about it. The defendant proved that he, together with Pickard, had made fifty dollars worth of improvements upon the land; also, that whilst he was in possession, and had been for about thirteen months, and after his failure to pay, and his refusal to let Pickard draw the writings, plaintiff sold the land to one Johnson, and brought an action against defendant for unlawful detainer, and recovered; that defendant took the case to the Circuit Court, where the judgment was reversed and the case remanded, when plaintiff dismissed his complaint. Between the sale to Johnson and the dismissal, defendant left the premises. This was the substance of the testimony in the case."

Before the case was put to the jury, the plaintiff Wooding,

"at the instance of the defendant to have the suit dismissed," as the bill of exceptions reads, "stated to the court that he sold the land to Johnson, and never had claimed but one year's rent; that he allowed Pickard to bring the suit, at the instance of said Pickard, he (Pickard) indemnifying him (plaintiff) against costs; that Pickard had given him bond to indemnify him, and the suit was prosecuted by Pickard, and for his benefit the action brought for two years' rent."

This evidence was then offered by defendant to the jury, to which plaintiff objected, and the court sustained the objection.

The court charged the jury, that if they found the defendant had either failed or refused to pay plaintiff according to contract, or refused to enter into writings with plaintiff, although the defendant was still in possession when the land was sold to Johnson, plaintiff was entitled to recover.

The court was requested by defendant to charge: 1. That unless the evidence satisfied them that plaintiff had demanded of defendant to enter into writings, according to contract, he was not entitled to recover.

2. That unless they believed from the evidence that plaintiff had offered to enter into writings according to contract, he could not recover. These charges the court refused.

The charge given, and the refusal to charge as requested, and the refusal to allow the statement made by the plaintiff to the court on the motion to dismiss, to go to the jury, are assigned as errors.

RICE & MORGAN, and WOODWARD, for plaintiff in error:

1. The general power is vested in every court of preventing the abuse of its process, and of the means provided for the administration of *justice.* Beavers v. Smith, 11 Ala. Rep. 28.

2. This power will be exercised even by this court, which has only appellate power, "where the fact is admitted, or where its truth is inferrible from its not being denied," and will be exercised even *after judgment is rendered,* but before the certificate of affirmance issues. Bradford v. Bush, 10 Ala. Rep. 274.

Under the influence of these authorities, the court below

Smith v. Wooding.

was bound to dismiss the suit, as soon as the plaintiff below made his statement in relation to the institution of the suit, &c. and his being indemnified against the costs.

No court of justice can lend its aid or allow its process to be used, in a transaction which thus violates the policy of the law, and tends to convert the courts into mere instruments of vexation and oppression, for the benefit of men who (like Pickard) have suffered no wrong. And as the fact is admitted by the plaintiff on the record, this court should now make an example, and do what the court below should have done, reverse the judgment and dismiss the cause, at the cost of the *plaintiff below*, (Wooding,) and leave him to seek indemnity out of Pickard.

3. But if there was no error in failing to dismiss the suit, "*before the case was put to the jury*," on the admissions of Wooding above set forth, it is clear that these admissions of Wooding (the plaintiff on record) should have been allowed to go to the jury as evidence. The admissions of the plaintiff are surely evidence *against himself*. The admissions here were important, in this: The *action was brought* for *two years' rent*; the *admission* of Wooding was, that he "never had claimed but *one year's rent*." The defendant below was clearly entitled to the benefit of this *admission*, bearing directly, as it did, on the *amount* of damages or rent, if the plaintiff below recovered at all. The exclusion of this *admission of plaintiff* was a fatal error.

4. The charge of the court, that if the defendant had *either failed or refused* to pay plaintiff according to contract, *or* refused to enter into writings with plaintiff, is palpably erroneous upon the evidence, all of which is set forth. It is self-evident that the *mere failure* of defendant *to pay*, could not give a plaintiff a right to recover. The charge necessarily misled the jury.

The charges asked were properly asked, and should have been given as asked. The additional charge given by the court was erroneous.

FALKNER, *contra.*

PHELAN, J.—The counsel for the plaintiff in error, in

the brief which he has submitted, argues very strenuously, that it was the duty of the court to have dismissed the suit of the plaintiff below, upon the statement made by him, that it was prosecuted for the benefit of another, and that he had been indemnified against the payment of costs, upon the ground, that it is the duty of the cour.. "to prevent its process from being abused, and turned into instruments of vexation and oppression." In the first place, the record does not show, that any exception was taken by the defendant to the refusal of the court to grant his motion to dismiss; it is, indeed, more an inference, than a direct statement that any motion to dismiss was made. If the position intended to be assumed is, that the court should dismiss a suit in the case supposed, on its own mere motion, it is not tenable, for two reasons; First, the facts do not make out a case of "abuse of the process of the court.

A man who has a good cause of action may sell it to another, or make a gratuity of it, if he chooses, and the only restriction imposed by law upon the transaction is, that if the cause of action be not assignable, the suit shall be prosecuted in the name of him to whom it originally belonged, *for the use of the transferree;* and if the latter chooses to indemnify the former against costs, or if the former even stipulates for such indemnity, there is nothing unlawful about the matter. But if the facts even made out the case supposed, and these amounted to a defence to the action, they must be submitted to the jury, since our courts have decided uniformly, from an early day (Smith v. Seaton, Minor, 75), that the court, except in cases provided by statute, have no power to order a non suit (Hunt v. Stewart, 7 Ala. Rep. 525), against the will of the plaintiff.

The offer of the defendant to prove to the jury the statement made by the plaintiff to the court, was properly overruled. It does not plainly appear how this statement came to be made, whether it was voluntary or not; but we must presume it to be voluntary, as the court has no power to compel a party to make a statement in this way. There is much of this statement that is wholly irrelevant to the issue before the court, even as an admission of the plaintiff, and the offer to prove it as *a whole,* which was the offer made by de-

fendant, could be rightfully overruled by the court. He might also have admitted it, without error, as *a part* of it was relevant; but in such a case the court is not bound to discriminate; that is the business of the parties themselves. Hrabowski's Ex'r v. Herbert Daniel & Co. 4 Ala. Rep. 265.

The charge of the court lays down the broad proposition, that if defendant had either *failed* or *refused* to pay according to contract, or had *refused* to enter into writings, that plaintiff was entitled to recover.

The defendant took possession of the land under a verbal contract to purchase, and a part of this contract was, that he should pay "$500 down, and $500 twelve months after." The proof shows, that he paid no money; that he remained in possession for more than twelve months, and then abandoned the possession, before the suit was brought. There is no proof that he failed or refused to pay the money because the plaintiff neglected or refused, upon application, to execute to him a deed or other written contract for the purchase and sale of the land, as a condition to his payment of the money. His failure to pay the money, then, was a violation of his contract, from the very day he took possession, as to the first $500, and a further violation, after twelve months, as to the second $500; which made him liable to the plaintiff at any time for the use and occupation of the land for the time he occupied it. The contract being for the sale of land, and not in writing, bound neither of the parties, under the Statute of Frauds, and it was in the power of either to disregard it altogther. But if the defendant was put in the possession of land under it, and then refused to comply with the contract on his part, without fault on the part of the plaintiff, the latter would be entitled to an action for use and occupation, to recover of the defendant whatever the possession of the land was reasonably worth.

A contrary doctrine was held for a time, under the imposing authority of Lord Mansfield, in the case of Kirtland v. Pounsett, 2 Taunton, 145, upon the construction of the English statute giving the action for use and occupation of land, (11 Geo. 2), of which ours is a copy, (Clay's Dig. 505, § 1,) in which he held, that to authorize that action, the relation of landlord and tenant must exist, and that when a party enters

under a contract of purchase, the idea of landlord and tenant is negatived.

The criticism of Mr. Baron Graham, in the Court of Exchequer, in Hull v. Vaughan, 6 Price, 157, upon that case, indicates the course of decision now generally adopted, in respect to the action for use and occupation. He says; "It is not necessary, in this species of action, that the proper relation of landlord and tenant should be distinctly made out between the parties, because the action is calculated in form to meet cases where the parties do not bear these characters, if there be in point of fact an ownership on one hand and an occupation on the other; and it should be liberally applied where it may be found to be a party's only remedy." See, on this subject, Davidson v. Earnest, 7 Ala. Rep. 817, and authorities there cited.

If the view taken of the charge given by the court be correct, there was no error in refusing to charge that plaintiff was bound either to *offer* to enter into writings, or to *demand* of defendant that he should do so. The plaintiff's right of action was complete as soon as defendant took possession of the land, and *failed* to pay the money he stipulated to pay, and as he stipulated to pay it.

There is no error in the record, and the judgment is affirmed.