2 So.2d 305
**CITY OF BIRMINGHAM v. BROWN.**
6 Div. 658.

Supreme Court of Alabama.
May 15, 1941.

John S. Foster, of Birmingham, for appellant.

Graham & Wingo, of Birmingham, for appellee.

LIVINGSTON, Justice.

The appellant, the City of Birmingham, a municipal corporation, filed its application in the Probate Court of Jefferson County, Alabama, against Margaret E. Brown, J. Arthur Action and Hilton T. Hall, the appellees, seeking to condemn for public park purposes certain real estate belonging to appellees, a large part of which lands were located without the corporate limits of the City of Birmingham.

By appropriate demurrer to the application, defendants raised in the Probate Court the question of the city's authority to condemn for public park purposes real estate located without the corporate limits of the city. The ruling on demurrer was adverse to defendants. Based upon the same theory, defendants filed their formal objection to the granting of the application. The Probate Court sustained demurrers to the objection filed by defendants, and after a hearing made and entered an order granting the city's application to condemn. Commissioners were appointed by the Probate Court to assess the damages and compensation to which the owners of the lands were entitled.

Thereafter, upon the report of the commissioners, the Probate Court entered an order of condemnation. Section 7491, Code of 1923, Code 1940, Tit. 19, § 16. From the order of condemnation, Margaret Brown, one of the owners of the real estate condemned, appealed to the Circuit Court of Jefferson County, Alabama. Her demurrer to the city's application to condemn, filed in the Circuit Court, presented the same question presented in the Probate Court, viz., the authority of the city to condemn for public park purposes real estate without the corporate limits of the city, which demurrer was sustained; hence the city's appeal.

The action of the Circuit Court in sustaining the demurrer to the application presents to this Court two questions for review: first, does the appeal provided for in section 7492, Code of 1923, Code 1940, Tit. 19, § 17, contemplate a trial de novo in the Circuit Court of the condemner's right to condemn, or is the sole question reviewable on such an appeal the matter of damages or compensation. Second, has a municipal corporation the authority to condemn for public park purposes real estate located without the corporate limits of the city?

In answering the first question, an examination of the pertinent statutes and their history should be an aid. The provision of section 7482, Code of 1923, Code 1940, Tit. 19, § 7, for the hearing of evidence on the application to condemn first appeared in the Code of 1886 as a part of section 3211. Section 3211 did not provide for an order of the court granting or refusing the application. On the contrary, on the day set for the hearing, a jury was summoned and impaneled in the Probate Court, section 3210, Code of 1886, and evidence both as the right to condemn and of the amount of damages or compensation was submitted, and the court determined the issue of law as to the right to condemn, and submitted to the jury the issue of fact as to the damages. Sections 3210, 3211, Code of 1886.

Section 3212 of the Code of 1886 provided for an order of condemnation upon the rendition of the verdict of the jury assessing the damages or compensation to which the owner of the land is entitled; and section 3215, Code of 1886, provided for an appeal by either party to the Supreme Court from the order of condemnation. In the Code of 1896, section 1718, we find that the jury in the Probate Court has been eliminated, and that the manner or method of fixing the damages or compensation is by commissioners, which later method still remains the law. Section 7486, Code of 1923, Code 1940, Tit. 19, § 11. This change from the law embodied in the Code of 1886 resulted in the provision for the order "*grant-*

*ing or refusing the application"* to condemn, and the further provision for an appeal direct to the Supreme Court from such order. Section 1717, Code of 1896. We think it significant that, following section 1717, Code of 1896, section 1720 of. the same Code, provides for an appeal to the City or Circuit Court *"from the assessment of damages and compensation by the commissioners,"* as distinguished from the appeal to the Supreme Court from the order *"granting or refusing the application."* (Italics ours.)

Following these sections into the Code of 1907, we find that, that part of section 1717, Code of 1896, providing for an appeal direct to the Supreme Court from the order "granting or refusing the application" is eliminated, and the remainder of the section is covered by section 3865, Code of 1907. Section 3865, supra, was brought forward without change in the Code of 1923 as section 7482,. Code 1940, Tit. 19, § 7. We also find that when section 1720 of the Code of 1896 was brought forward into the Code of 1907, as section 3875, the appeal provided for therein was not limited to an appeal from the "assessment of damages and compensation by the commissioners," but, on the contrary, section 3875 provided for an appeal to the Circuit or City Court from the "order of condemnation"; and section 3875, Code of 1907, was brought forward, without material change, into the Code of 1923. as section 7492, Code 1940, Tit. 19, § 17.

These successive changes in the statutory law, the elimination of the direct appeal to the Supreme Court from an order "granting or refusing the application"; the change made in the appeal to the Circuit Court from the "assessment of damages and compensation by the commissioners" to an appeal from "the order of condemnation," evinces a legislative intent to give to the condemnee the right to appeal to the Circuit Court the important question of the condemner's right to condemn in order that the condemnee shall not be forced to the use of some extraordinary . remedial writ to review that question.

We also find in section 7495 of the Code of 1923, Code 1940, Tit. 19, § 20 (section 3878, Code of 1907) provision for an appeal by the condemner to the Circuit Court and a trial de novo in the event his application is denied in the Probate Court. This section was new to the Code of 1907, and apparently was enacted to meet the changes summarized above, and to give to the condemner the right of appeal to the Circuit Court when the application to condemn was refused.

No case is cited, nor has our search revealed one· by this Court directly deciding the question here discussed. However, in the case of Mobile & Birmingham R. R. Co. v. Louisville & Nashville R. R. Co., 192 Ala. 136, 68 So. 905, 906, a condemnation proceeding, the right of appeal to the Circuit Court from an order of condemnation apparently was regarded as carrying with it the right to review the order granting the application to condemn. In reviewing the statutory changes discussed above, this Court there said: "Under the provisions of the Code of 1907, §§ 3875, 3878, every appeal from the probate court is to the circuit court, or court of like jurisdiction. If the petition was granted, the appeal is from the final order of condemnation, and 'the trial shall be de novo.' Section 3875, supra. If the petition was denied, and the superior court on appeal—'determines that the application should be granted, it shall proceed forthwith to have the damages and compensation assessed by a jury.'" We have examined the record of that case, as is our right, and find that the appeal from the Probate Court was from an "order of condemnation", and that the trial de novo in the Circuit Court included the trial of the right to condemn. In other words, included a review of the order of the Probate Court *"granting the application."* The Circuit Court first sustained the order of the Probate Court "granting the application," but later granted a motion to set aside the judgment and entered a judgment denying the right to condemn. In any view, the case apparently recognizes the right of the Circuit Court to review the order of the Probate Court "granting the application" to condemn. To the same effect is the case of Ex parte City of Bessemer (City of Bessemer v. Goodwyn, Judge), 240 Ala. 52, 197 So. 20.

As indicative of the character or nature of the order "granting the application" for condemnation, that is to say, whether final or interlocutory, this Court said in the case of J. Blach & Sons v. Hawkins, 238 Ala. 172, 189 So. 726, 728: "The petition for the writ of prohibition contains a. general prayer and as the appellant had no right of appeal from the

*interlocutory order* of the probate court on the demurrer to the petition, he had the right to test the ruling by mandamus as pointed out in the cases supra, and Ex parte Watters et al., 180 Ala. 523, 61 So. 904." And while the order may be reviewable by mandamus or other extraordinary remedial writ that, in our opinion, is not sufficient reason for holding that it was not the intent of the legislature that it be reviewed in the Circuit Court on an appeal to that court from the order of condemnation.

We hold therefore that upon appeal to the Circuit Court under section 7492, Code of 1923, from an order of condemnation entered by the Probate Court, the interlocutory order granting the application to condemn is reviewable; and, further, that the petitioner's right to condemn shall be determined by the court without the aid of the jury, while the amount of damages or compensation to be assessed is a question exclusively for the jury. Mobile & Birmingham R. R. Co. v. Louisville & Nashville R. R. Co., supra.

This brings us to the question of the city's authority to condemn for public park purposes real estate located without the corporate limits of the city. The right to acquire, which may be by purchase or gift, and we may add, the right to own, is not equivalent to the right to condemn. Claremont Ry. & Lighting Co. v. Putney, 73 N.H. 431, 62 A. 727; Cavanagh v. Boston, 139 Mass. 426, 1 N.E. 834, 52 Am.Rep. 716; Paris Mt. Water Co. v. City of Greenville, 105 S.C. 180, 89 S.E. 669; J. Blach & Sons v. Hawkins, Judge, 238 Ala. 172, 189 So. 726.

A grant of the power of eminent domain, which is one of the attributes of sovereignty most fraught with the possibility of abuse and injustice, will never pass by implication, and when the power is granted, the extent to which it may be exercised is limited to the express terms or clear implication of the statute in which the grant is contained. Denson v. Alabama P. I., 220 Ala. 433, 126 So. 133; 10 R.C.L. page 196, section 168, and cases cited.

A municipal corporation has no inherent power of eminent domain, and can exercise it only when expressly authorized by the legislature, and statutes conferring the right must be strictly construed in favor of the landowner. New & Old Decatur Belt, etc., R. R. Co. v. Karcher, 112 Ala. 676, 21 So. 825; Sloss-Sheffield S. & I. Co. v. O'Rear, 200 Ala. 291, 76 So. 57; Denson v. Alabama P. I., supra; 10 R.C.L. page 197.

For the right to condemn lands for public park purposes outside the corporate limits of the city, appellant relies on the following legislative enactments: first, the right granted by section 2295, Code of 1923, Code 1940, Tit. 37, § 507, construed in pari materia with section 2046, Code of 1923, Code 1940, Tit. 37, § 477; second, section 15, General Acts of 1915, page 294 (section 15, page 298); and third, General Acts of 1923, page 707 (commonly known as the "Park Act"). We will discuss them in the order named.

Section 2295, Code of 1923, is as follows: "Whenever in the judgment of the council of a city or town, it may be necessary or expedient for the carrying out and full exercise of any power granted by this chapter, the said town or city shall have full power and authority to acquire by purchase the necessary lands, or rights, easements, or interests therein, thereunder, or thereover, or for the purposes for which private property may be acquired by condemnation, may proceed to condemn the same in the manner provided by this chapter, or by the general laws of this state, governing the taking of lands or the acquiring of interests therein for the uses for which private property may be taken, and such proceedings shall be governed in every respect by the general laws of this state pertaining thereto, or by the provisions on the subject contained in this chapter, when the same are followed."

Clearly no grant, either expressed or implied, to condemn lands outside the corporate limits of the city for public park purposes is found in this section. But appellant insists that such grant is found when section 2295, Code of 1923, is construed in pari materia, with section 2046, Code of 1923. Section 2046 reads as follows: "To exercise police jurisdiction over all lands purchased or required by the city or town for the purpose of being used or occupied as a hospital, quarantine station, poorhouse, pesthouse, workhouse, or house of correction, schoolhouse, sanitary or storm water sewers, rights of way, cemeteries, and parks, and the laws and ordinances of the cities and towns shall apply to and extend over all the lands so used or occupied, and the inhabitants thereof."

Equally clear, section 2046, Code of 1923, is but a grant of police jurisdiction over certain enumerated properties belonging to a city and located without its corporate limits. This section alone, or when construed in pari materia with section 2295, supra, does not expressly, nor by necessary implication, grant to the city the right to condemn lands outside the corporate limits for public park purposes. As evidence of the legislature's intent in this regard, it is significant to note that the legislature has expressly granted the right of condemnation in aid of some of the uses enumerated in section 2046, impliedly withholding the right in others: Expressio unius est exclusio alterius. See, Chapter 43, § 1739 et seq., Code of 1923, Code 1940, Tit. 37, § 1 et seq., for express grant of right to condemn.

As to appellant's second insistence: section 15 of the General Acts of 1915, page 298, reads as follows: "That such cities shall have full power to condemn for any municipal or public purpose any land or interest therein by the exercise of the right of eminent domain in the manner now or hereafter provided by the general laws of Alabama for the condemnation of property for public use; and such condemnation may be had whether the land or interest therein sought to be condemned is already used for a public purpose or not. The condemnation under this section of any right of way or easement of any street, electric or other railroad shall be subject to the continued use of such rights of way or easements by such railroads in conjunction with the public rights and easements so acquired."

Appellant insists that the phrase "for *any* municipal or public purpose *any* land", etc., without limiting it to lands within the corporate limits, is a grant of authority to condemn lands without the corporate limits. Obviously, such a construction is entirely too broad. Since the enactment of section 15, supra, the legislature has expressly granted to cities the right to condemn lands for wharves "outside of its limits, as well as within its limits, and within five miles of the corporate limits of such municipality as such limits are now or may hereafter be established". General Acts 1919, page 123 (section 2044, Code of 1923, Code 1940, Tit. 37, § 475). The express grant contained in the Act of 1919, supra, was wholly unnecessary under the construction of section 15, supra, contended for by appellant, and evinces a legislative intent contrary to such a construction.

Our construction of section 15 of the Acts of 1915, page 298, is that it confers no greater right than that given to municipalities, generally, by section 2295, Code of 1923, that is to say, the right to condemn lands within the corporate limits of the municipality.

The Act of 1923, page 707, referred to as the "Park Act", provides in part, "any such city may, by and through its park and recreation board, in such manner as may now or hereafter be authorized or provided by [sic] the acquisition of lands or buildings for public purposes by such city, acquire or lease lands or buildings or both within or beyond the corporate limits of such city for parks, park areas, park boulevards, playgrounds, recreational centers, and other recreational purposes and activities." And further "may purchase on time," etc.

As above stated, the right to acquire, which may be by purchase or gift, is not equivalent to the right to condemn. The grant of the power of eminent domain is one of the attributes of sovereignty and does not pass by implication. Authorities supra. The failure of the legislature to add to the right to "acquire" or "lease," the right to "condemn" evinces a legislative intent to withhold the right. Also to hold that this Act authorizes the right to condemn lands outside the city would probably render the Act repugnant to section 45 of the Constitution.

The cases of J. Blach & Sons v. Hawkins, Judge, and Ex parte City of Bessemer, supra, are elaborately argued in briefs. Suffice it to say these cases were construing other statutes, statutes applicable to the city's rights to condemn for electric power lines. They are not controlling in the construction of the statutes here considered. The case of State v. City of Mobile, 229 Ala. 93, 155 So. 872, 875, appears to have been dealing only with the right to condemn for wharves "within its [city's] limits."

There being no error in the record, the case is affirmed.

Affirmed.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.