151 So.2d 399

**Gussie COOPER et al.**

**v.**

**STATE of Alabama.**

**4 Div. 47.**

Supreme Court of Alabama.

Feb. 21, 1963.

Rehearing Denied April 4, 1963.

Griffin Sikes, Andalusia, Special Asst. Atty. Gen., for appellee.

Prestwood & Prestwood, Andalusia, for appellants.

COLEMAN, Justice.

This is an appeal by landowners from a judgment of the circuit court condemning certain lands, or interests therein, for right of way for a public road.

The proceeding was commenced in the probate court. From the judgment of condemnation rendered by the probate court, the landowners appealed to the circuit court.

On March 21, 1960, the circuit court proceeded to trial. In the circuit court, the landowners contested two issues: first, the right of the state to condemn; and, second, the amount of the award due to be paid by the state to the landowners.

The judgment of the circuit court recites that " * * * The Court proceeded to hear all of the evidence touching on the right of the State of Alabama to condemn the lands * * *." ·and that upon consideration of the state's application and the evidence offered in support thereof the court granted the application to condemn.

The transcript of the evidence indicates that the issue of the right to condemn was tried first by the court. As we understand the record, the landowners, at this first hearing on March 21, 1960, were permitted to offer all testimony they wished to offer. The transcript indicates that, at the conclusion of this hearing, the court announced: "The Court finds that the State has a right to condemn the property in question."

The judgment appealed from shows further that on the same day, March 21, 1960, the court proceeded to trial before a jury of the amount of damages and compensation to be awarded to the landowners; and that, as the result of certain statements made in the presence and hearing of the jury, the court declared a mistrial and discharged the jury.

The judgment further shows that on April 11, 1960, the court again proceeded to trial before a jury of the amount of damages and compensation to be awarded to the landowners; that the jury returned a verdict fixing the award for lands of appellants at $2,000.00; and that the court rendered judgment on the verdict.

The transcript of evidence shows that on April 11, 1960, prior to commencement of trial before the jury to determine amount of the award, certain proceedings were had out of the jury's presence. The landowners were claiming the right to try again the issue of the state's right to condemn. The landowners sought to introduce testimony on the issue, but the court refused to permit landowners to do so. The court made the following statements:

"THE COURT: Let the record show that after the jury was empaneled and placed in the jury box that the Court and counsel for both sides adjourned to the Chambers and the Court has stated and now rules that on the previous trial that the mistrial which was entered by the Court was a mistrial as to the functions of the jury in determining proper compensation to be awarded to

the land owners, and the Court holds that the proceedings before the Court to establish the right to condemn is severable from the duty of the jury to fix the award and compensation, and the Court now holds that we are ready to proceed with the matter and that it has already determined that the State of Alabama has the right to condemn in this particular case, and that the only issue now is to present to the jury and have them determine the amount of the award or compensation to be paid to the land owners in this case.

\*　\*　\*　\*　\*　\*

"THE COURT: Let the record also show that the defendants are being denied by the Court in (sic) any opportunity to offer further evidence touching on the right of the State to condemn the lands on this date, to which they duly and legally except."

### Right to Condemn.

The landowners argue that the court erred in ruling that the issue of the right to condemn had been determined on March 21, 1960, and in refusing, on April 11, 1960, to allow landowners to introduce evidence in opposition to the state's right to condemn. As we understand it, the landowners' reasons in support of this argument are comprehended in the following excerpts from their brief:

"The trial Court's position has cut a trial into two segments, one vitiated by a mistrial and the other untouched, unaffected. Our decisions require that the preliminary question of the right to condemn is to be decided outside the presence of the jury—but in the *same* trial. Nothing passes by mere implication in a condemnation suit; the statute must be followed. City of Birmingham v. Brown, Supra [241 Ala. 203, 2 So.2d 305]. \* \* \*.

"\*　\*　\*　\*　\*　\*

"\* \* \*. A mistrial is no trial. Hallman v. State, Supra [36 Ala.App. 592, 61 So.2d 857; cert. den. 258 Ala.

278, 61 So.2d 861]. This would mean that the trial of March 21, 1960 was reduced to a nullity. The trial of April 11, 1960 is the trial with which we are concerned. It stands on its own record, in total independence of the trial of March 21, 1960. If a mistried case had any salvage value or was valid for any purpose then it would not be a nullity; it would have the attributes of what our statutes endowed it with. But our statutes breathe no aspect of survival in any part of a mistried case. Certainly a condemnation case, the taking of private property against the will of the owner, is not an appropriate patient for this fantastic surgery." (Par. Added.)

We do not agree. This court has announced the following rule:

"We hold therefore, that upon appeal to the Circuit Court under section 7492, Code of 1923 [§ 17, Title 19, Code 1940], from an order of condemnation entered by the Probate Court, the interlocutory order granting the application to condemn is reviewable; and, further, that the petitioner's right to condemn shall be determined by the court without the aid of the jury, while the amount of damages or compensation to be assessed is a question exclusively for the jury. Mobile & Birmingham R. R. Co. v. Louisville & Nashville R. R. Co., supra [192 Ala. 136, 68 So. 905]." (Par. Added.) City of Birmingham v. Brown, 241 Ala. 203, 207, 2 So.2d 305, 308.

Appellants do not insist that the evidence was not sufficient to support the finding on March 21, 1960, that the state had a right to condemn this land. Appellants had been afforded one trial of the issue on the right to condemn. There was no mistrial on that issue. That issue is to be tried separately from the trial on the issue of the amount of the award. The mistrial on the latter issue did not vitiate the trial on the first issue. Even if it be conceded

arguendo that the appellants be correct in asserting that the two issues must be tried in the "same" trial, it does not follow that the two issues must be tried on the same day or on consecutive days.

■ In actions at law, the sufficiency of pleadings is ordinarily decided by the court, whereas, sometimes weeks later, the questions of liability and amount of damages may be determined by a jury. A mistrial by the jury would not, as a general rule, vitiate rulings on pleadings, in the absence of amendments thereto, and would not ordinarily require the court to determine again the sufficiency of pleadings. So in the instant case, the mistrial on the issue of amount of award did not require the court to try again the issue of the right to condemn. Assignments 1, 3, 4, and 9 are not sustained.

### Continuance.

■ On April 11, 1960, when the court indicated that the issue on right to condemn would not be tried again, the appellants moved for a continuance. The court denied the motion. Appellants argue that this denial is error.

A motion to postpone the trial of a case is addressed to the sound discretion of the trial court and its refusal is not reviewable except for gross abuse of discretion. Evans v. Bolling, 5 Ala. 550; Shores v. Sanders, 271 Ala. 552, 126 So.2d 201. We find no abuse of discretion here.

### Maps.

The state asserts that: "Questions to be reviewed on appeal must first be presented to the trial court by motion for a new trial, and questions not so presented cannot be considered on appeal, Davis v. Smitherman, 209 Ala. 244, 96 So. 208." The state insists that the asserted rule prevents us from considering Assignments 5, 6, 7, and 8, which relate to admission of evidence, and which present for review rulings that were not presented by the motion for new trial

■ The state's assertion is not correct. Rulings of the trial court on the admission and rejection of evidence are reviewable on appeal without a motion for new trial. Travis v. Hubbard, 267 Ala. 670, 673, 104 So.2d 712; Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 226, 130 So.2d 388; Popwell v. Shelby County, 272 Ala. 287, 292, 130 So.2d 170, 87 A.L.R.2d 1148.

Landowners assign severally as error, the rulings admitting in evidence, over objection, state's Exhibits 1, 2, and 3.

Exhibit 1 purports to be a map of Andalusia. The grounds of objection stated to the court were, in substance, that the witness who identified the map and laid the predicate for its admission had nothing to do with its preparation, and that the map shows on its face that it was prepared by others named thereon.

The identifying witness testified, without objection by landowners, that he "considered" Exhibit 1 an accurate map of the City of Andalusia. The map appears to have been used merely to illustrate to the jury the location of the proposed highway and landowners' property with relation to the city.

The authenticating witness testified that he was familiar with the highway project, that as assistant division engineer he had worked on the project, that he had had prepared under his supervision and laid on the map the routes that the proposed bypass is to take through the City of Andalusia.

■ Exhibit 1 was not used for a detailed representation of the property here involved. It was used rather to show in a general way the location of the road and the property. If it be conceded that the predicate for admission of the map was insufficient to show that it was accurate as to detail, we are nevertheless of opinion that appellants were not injured thereby because the map was not used to show details. Moreover, the jury went onto, and viewed the land itself and must have noted its relative location.

Overruling objection to Exhibit 1, if error, was without injury to appellants. Supreme Court Rule 45, Appendix, Title 7, Code 1940.

■ Exhibit 2 is a detailed map showing appellants' land and the location of the proposed road across the land. The same authenticating witness testified, before Exhibit 2 was admitted in evidence, that this exhibit accurately depicted the appellants' property, that he did not personally survey the property and was not present when it was surveyed, and that he is not a registered land surveyor. Appellants objected to admission of Exhibit 2 on the ground that "if the drawing is accurate, it is only hearsay as to this witness. He was not present when it was done nor was it made under his personal supervision."

The predicate thus laid probably was insufficient for admission of the map, as a survey, in a proceeding where precision and strict accuracy are relevant to determination of the issue, as in a suit to establish a boundary. Golden v. Rollins, 266 Ala. 640, 98 So.2d 409.

The annotator in 9 A.L.R.2d 1046, points out in § 2,

"When a witness testifies to physical conditions or happenings, he may do so diagrammatically as well as verbally. He may represent points and objects by marks or shapes in a drawing, and distances, directions, and movements by lines therein. He may do so while testifying, either by his own hand or by directions to counsel, or he may do so through a map, plat, or other drawing made by himself prior to trial. It is not even necessary that it be made by him. He may communicate his knowledge by simply testifying to the correctness of a drawing made by someone else and presented to him while on the stand. In such a case it is not essential that its author be in court or even known, if the witness has personal knowledge of the subject matter

of it, and testifies to its correctness in the respect for which he uses it. * * *."

In an action to recover damages for trespass to land, a surveyor, while testifying, was shown a diagram, purporting to be descriptive of the lands in controversy, and was asked to show the jury on the diagram where the witness ran the line between plaintiffs and defendants. On appeal, this court said:

"* * * This diagram was used to enable the witness to make his testimony intelligible to the jury. The use of the diagram was objected to by the plaintiffs, 'because said diagram had not been made by the witness himself, nor was it shown or proven to be a correct survey and diagram of the premises described in the plaintiffs' complaint.' The court below overruled this objection, and the plaintiffs excepted; and this exception is one of the errors assigned here.

"1. This assignment cannot be sustained. There was no error in the ruling of the court below on this point. A diagram is simply an illustrative outline of a tract of land, or something else capable of linear projection, which is not necessarily intended to be perfectly correct and accurate. In many instances this cannot be made to appear. At best, it is but an approximation; and in this sense, it is indifferent by whom it is made. In this case, it was not offered as a plat of the survey of the lands in question, but only as a means of explanation of the witness' description of the lands. This was competent and relevant. A witness may as well speak by a diagram, or linear description, when the thing may be so described, as by words. It is a common and usual method of pointing out localities and lines. Even savages resort to it, in lieu of words, in describing the course of rivers, and the lines

of the sea shores. It is enough if it serves the purpose of the witness in the explanation of the lines and localities he is seeking to exhibit. It was so used in this case." Shook v. Pate, 50 Ala. 91, 92.

The witness authenticating Exhibit 2, when asked "And does it accurately depict this property?" answered, "It does." On cross-examination, this witness testified:

"Q Well, after this map right here, the one we are talking about, I believe it is Exhibit 2, after that drawing was prepared that you have been testifying about, you say you went out on the land and you checked it to see if it was accurate, is that right?

"A Yes, sir."

Exhibit 2 is a drawing of that character which is used to illustrate the testimony of witnesses and to give to the jury a better understanding of that testimony.

We hold there was no error in admitting in evidence Exhibit 2. Its correctness, vel non, was for the jury.

Exhibit 3 is a strip of paper representing the right of way condemned in this proceeding. It purports to be drawn to the same scale as Exhibit 2 and is designed to be, and was, used as an "overlay" placed on top of Exhibit 2 to illustrate the location of the finished road on appellants' land. What we have said as to Exhibit 2 applies to Exhibit 3. We hold that Exhibit 3 was admitted without error.

### Assignment 8.

This assignment recites:

"8. The Court erred in overruling Appellants' motion to exclude the testimony of the witness Proctor who testified as to his opinion on the value of the property actually taken without regard to the increase or decrease of the value of the remainder of the tract (R. 91)."

Page 91 of the record shows the following:

"If the Court please, we move to exclude his testimony on the grounds that he has just testified that he took into consideration the value only of that which was taken, and that was $855.00, and therefore the attempted effort to put in evidence his testimony of the whole tract immediately before and after is now clearly inadmissible.

"THE COURT: Overrule.

"MR. PRESTWOOD: We except."

The motion is to exclude "his testimony." That can fairly be understood as a motion to exclude all the testimony of the witness. Surely some of his testimony was admissible. He testified that he had been in the real estate business in Andalusia for twenty years, that during that time he had bought and sold real estate, that he was familiar with the property in question, that he appraised it, and, in his opinion, its reasonable market value prior to the taking was $22,400.00.

Where a motion is made to exclude all the testimony given by a witness, a part of which is admissible, the court is not bound to distinguish the legal from the illegal evidence, but may overrule the motion in toto. Hrabowski's Ex'x v. Herbert, 4 Ala. 265; Blount County v. McPherson, 268 Ala. 133, 105 So.2d 117.

The court did not err in overruling the motion to exclude Proctor's testimony.

### Assignment 11.

This assignment is that the court erred in overruling appellants' motion for new trial. In argument on this assignment, appellants point out only the alleged errors which have already been considered.

Assignment 11 justifies consideration of any ground of the motion stated with sufficient definiteness to direct the court's attention to the alleged erroneous

ruling, and, on such an assignment, we consider any ground of the motion which is clear and specific and which is argued by counsel. Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857. No additional grounds of the motion being argued, this assignment requires no additional consideration.

No reversible error being shown, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.