74

The Village of Deerfield, Plaintiff-Appellant, *v.* Ernest R. Rapka *et al.*, as Trustees, Defendants-Appellees.

(No. 70-86; 

Second District—March 22, 1971.

Morrison & Nemanich, of Waukegan, and Pedersen & Houpt, of Chicago, (Richard V. Houpt, of counsel,) for appellant.

Hall, Meyer, Fisher, Holmberg, Snook & May, Siegan & Karlin, and Conzelman, Schultz, O'Meara & Snarki, all of Waukegan, for appellees.

Mr. JUSTICE FORBES delivered the opinion of the court:

The plaintiff, Village of Deerfield, filed a petition to condemn defendants' land consisting of 127 acres, which lies outside of and adjacent to the village limits, for a recreational center. The defendants filed a traverse and motion to dismiss contending among other things: 1) that plaintiff

does not have the power of condemnation outside of its corporate limits for the establishment and maintenance of a playground or recreational center; 2) that the statute under which plaintiff sought to condemn insofar as it purports to authorize plaintiff to exercise the power of eminent domain outside its corporate limits is unconstitutional and in violation of the Fifth and Fourteenth Amendments of the United States Constitution; and 3) that the proposition submitted to the voters contained two unrelated issues as a single proposition and thus renders the special election void in violation of section 18 of article II of the Illinois constitution.

The trial court sustained the traverse and dismissed the petition to condemn, holding that the Village did not have authority to condemn land for recreational purposes beyond its corporate limits and that the referendum upon which the condemnation was based was invalid in that it submitted two questions as a single proposition. The plaintiff has appealed from these holdings and the dismissal of its petition, and defendants have cross-appealed from adverse rulings on other grounds urged in their motion to dismiss. We do not deem it necessary to consider the cross-appeal in view of the determination we make upon plaintiff's appeal and the issues therein raised.

The plaintiff sought to condemn this land immediately adjacent to, but outside of, its corporate limits under the provisions of Section 11—95—1 of the Municipal Code of 1961 (Ill. Rev. Stat. 1969, ch. 24, par. 11—95—1), which reads in part as follows:

"The corporate authorities of every municipality with a population of less than 500,000 may dedicate and set apart for use as playgrounds, or recreation centers, any land or buildings which are owned or leased by the municipality and are not dedicated or devoted to another and inconsistent public use. Such a municipality, in such manner as provided by law for the acquisition of land or buildings for public purposes by the municipality, may acquire or lease land or buildings, or both, within or beyond the corporate limits of the municipality, for playgrounds and recreation centers * * *. But no land or buildings shall be so acquired or leased for a playground or recreation center nor shall any appropriation be made for the acquisition, conduct, equipment, or maintenance of a playground or recreation center unless the question of such acquisition or appropriation has been submitted by the corporate authorities of the municipality to the electors of the municipality under the provisions of 'An Act to provide for the acquisition, equipment, conduct, and maintenance of public playgrounds and recreation centers in and by cities, towns and villages of less than one hundred and fifty thousand inhabitants,' approved June 24, 1921, as amended, or under the provisions of this Division 95 at a general

or special municipal election, and a majority of the votes cast at the election were or are in favor of that action."

■■ The parties have urged upon us many of the long accepted rules of statutory construction to determine whether the foregoing statute affords plaintiff the power to condemn these lands. Most persuasive in this case is the general rule that the intent of the legislature should be gathered from the entire statute rather than from one isolated part. (*Carrigan v. Liquor Control Com.* (1960), 19 Ill.2d 230, 233; 34 I.L.P. *Statutes*, Sec. 123.) Also, the enumeration of certain things in a statute implies the exclusion of others. *In re: Estate of Leichtenberg* (1956), 7 Ill.2d 545, 552.

The Municipal Code of 1961 contains ten articles, three of which (Articles 7, 9 and 11) deal with property acquisition. Without unduly lengthening this opinion by reciting the relevant divisions, 48 divisions of these articles deal with property acquisition by municipal corporations. Thirty-five of these specifically delegate to the municipality the power of eminent domain to acquire property. The other 13 divisions, including that in question here, do not make specific reference to the power to condemn.

■■ Municipalities have no inherent power, their power being derived from the legislature. They do not have powers extending beyond their corporate boundaries except as specifically conferred or necessarily implied by statute. (*City of Rockford v. Hey* (1937), 336 Ill. 526, 533; *Village of Bensenville v. County of DuPage* (1961), 30 Ill.App.2d 324.) The right of eminent domain, when not exercised by the State itself, can be exercised only when such grant is specifically conferred by statute. (*Department Public Work v. Schlich* (1935), 359 Ill. 337, 345.) A grant of the power of eminent domain is subject to strict construction against the entity exercising the power since its exercise is in derogation of the rights of the citizen. *Forest Preserve District v. Wike* (1954), 3 Ill.2d 49, 54; 26 Am.Jur.2nd, *Eminent Domain*, Sec. 18.

In *City of Birmingham v. Brown* (Ala.Sup.Ct. 1941) 2 So.2d 305, under a factual situation closely analogous to the case before us, the city attempted to condemn real estate for park purposes beyond its corporate limits. The Alabama court states:

"The right to acquire, which may be by purchase or gift, * * * is not equivalent to the right to condemn. * * * A grant of power of eminent domain * * * will never pass by implication, and when the power is granted, the extent to which it may be exercised is limited to the express terms or clear implication of the statute in which the grant is contained. * * * A municipal corporation has no inherent power of eminent domain, and can exercise it only when

expressly authorized by the legislature, and statutes conferring the right must be strictly construed in favor of the landowner."

■■ A number of the provisions of the Municipal Code of 1961 specifically confer and refer to the power to condemn. Section 11—61—1 of the Municipal Code of 1961 (Ill. Rev. Stat. 1969, ch. 24, par. 11—61—1) confers upon municipalities the power to exercise the right of eminent domain to acquire property for public use, but as to property in unincorporated areas outside of the corporate boundaries limits this power to "where required for street or highway purposes by the municipality." The portion of the statute relating to acquisition of lands for playground and recreational centers does not contain this express delegation of power. In view of the various principles we have referred to herein, we do not believe that it is for this court to infer such a delegation of power, particularly as to those areas outside of the corporate limits of the plaintiff.

We agree with the trial court that the plaintiff did not have the power to condemn for playground or recreational purposes outside of its corporate limits. Because of the view expressed herein, it is unnecessary to consider the other issue raised by plaintiff on appeal.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.