307 So.2d 13

**STATE of Alabama**

v.

**R. R. HOLLOWAY et al.**

**SC 891.**

Supreme Court of Alabama.

Jan. 16, 1975.

Simmons, Torbert & Cardwell, Gadsden, for appellees.

C. R. D. Burns, Jr., Sp. Asst. Atty. Gen., Gadsden, for the state, appellanut.

BLOODWORTH, Justice.

The State of Alabama appeals from a judgment awarding damages of $30,000 to landowners in a condemnation proceeding. Judgment was in accordance with a jury verdict. We affirm.

Three assignments of error are argued in brief.

The first assignment of error charges that the trial court erred in sustaining landowners' objection to the following question propounded by the State to one of its own expert witnesses:

"Q  All right, does this chicken plant in your opinion have a detrimental effect on the property in the general neighborhood?

"MR. TORBERT:  Now we object to that, if the Court please.

"THE COURT:  I sustain the objection.

"MR. BURNS:  Well, he has been qualified as an expert on appraising value, the value of certain residential lands."

Immediately after the trial court sustained the objection, the following occurred:

"Q  All right, as general rule—well, let me ask you this.  Does the value of one tract of land, is the value of that land determined generally by the value or the characteristics of the adjacent property that surrounds it?

"A  Yes sir.

"Q  Does it directly affect it?

"A.  It has a determination, yes, sir.

"Q  All right, would a processing plant, one of this nature have an effect on land to be used as a residential area?

"A  Yes, sir.

"Q  Would it have a good or bad effect?

"A  My opinion, it would have a bad effect for residential use.

"THE COURT:  Did you consider that in your appraisal?

"THE WITNESS:  Yes, sir.

"MR. BURNS:  Your witness."

It is self-evident that error, if any, in sustaining objection when the question was first posed was not prejudicial because the same evidence was admitted thereafter without objection.

Assignment of Error Two arose when, over objection by the State, the trial court admitted in evidence an unrecorded subdivision map of the condemned land. The record reflects the following, viz.:

"Q  (By Mr. Torbert)  All right, state your name, you are Mr. R. R. Holloway?

"A  Yeah.

"MR. TORBERT:  This is the property owner that we have in this case.

"A  That's right.

"Q  I'll ask you if that Defendants' Exhibit 2 was prepared under your direction?

"A  Yes, sir."

*    *    *    *    *    *

"Q  All right, sir, now let me ask you this, Mr. Holloway.  Notice the lay—notice the road as shown on this, the roads as shown on this.

"A  Yes, sir.

"Q  Does this map, this Defendants' Exhibit 2 actually depict the property owned by you out there before the State

of Alabama took part of your property on October 25th 1973?

"A Yes, sir.

"Q And these are the lots that you had laid out by this Mr. Alexander, a surveyor?

"A That's right.

"Q And this is the map that was drawn for you at your request?

"A That's right.

"MR. TORBERT: We again offer it, your Honor.

"MR. BURNS: We object to it, your Honor, because there is no even approximate time or date when this thing was drawn up has been given and Mr. R. R. Holloway is ambiguous about even where Mr. Alexander—when Mr. Alexander drew it up, and where he was working.

"THE COURT: Is that recorded?

"MR. TORBERT: No, sir.

"THE WITNESS: No, sir.

"MR. TORBERT: But he has testified that it's his land and that the map accurately shows the land that existed out there prior to the State taking it on October the 25th 1973. I don't know how you can get any better authentication than that.

"MR. BURNS: The proper way to introduce it is to do what I think anybody should: there is no date, no time or any authentication of it or certification of it."

$*$ $*$ $*$ $*$ $*$ $*$

"THE COURT: 'Overruled.'"

The stated grounds of objection, argued on this appeal, are that the map was not recorded and not authenticated by the surveyor. It is contended that it is inadmissible, being hearsay evidence, not within any exception thereto, citing Tit. 56, § 7, Code of Alabama 1940 (Recompiled 1958) and

Golden v. Rollins, 266 Ala. 640, 98 So.2d 409 (1958).

Tit. 56, § 7, supra, provides:

"A survey or plat of land made by a county surveyor, signed by him officially, and stating the contents, courses, distances, and designation at the land office, of any land surveyed by him, is presumptive evidence of the facts stated, if the opposite party has notice that such survey is to be made."

In construing this statute, this Court said in Golden v. Rollins, supra:

"As to an ex parte survey made without notice as provided by statute to the objecting party, or his privies, the rule is different when the surveyor is not personally present for cross-examination. The rule has been stated as follows:

"'* * * Generally, private or statutory surveys are not admissible against one who, or whose privies, took no part therein, or had no notice thereof; * * *.' (Citation omitted.)"

It is important, however, to note that *Golden,* supra, was a suit in ejectment with suggestion of a boundary line dispute and the map in that case was offered to establish, with detailed accuracy, the boundary line between the parties. On the other hand, the instant case is a condemnation proceeding and the map in question was not introduced for the purpose of accurately establishing a boundary line. The landowner simply testified that he commissioned the making of the map and that it accurately depicted the general layout of his property.

Thus, we hold that Tit. 56, § 7, supra, and *Golden,* supra, are inapposite and that the map was not inadmissible for the grounds stated in the objection.

Moreover, the case of Cooper v. State, 274 Ala. 683, 151 So.2d 399 (1963), is a

condemnation case and is directly in point. There, this Court held:

"[6] Exhibit 2 is a detailed map showing appellants' land and the location of the proposed road across the land. The same authenticating witness testified, before Exhibit 2 was admitted in evidence, *that this exhibit accurately depicted the appellants' property, that he did not personally survey the property and was not present when it was surveyed, and that he is not a registered land surveyor.* Appellants objected to admission of Exhibit 2 on the ground that 'if the drawing is accurate, it is only hearsay as to this witness. He was not present when it was done nor was it made under his personal supervision.'

*The predicate thus laid probably was insufficient for admission of the map, as a survey, in a proceeding where precision and strict accuracy are relevant to determination of the issue, as in a suit to establish a boundary.* Golden v. Rollins, 266 Ala. 640, 98 So.2d 409."

\* \* \* \* \* \*

"The witness authenticating Exhibit 2, when asked 'And does it accurately depict this property?' answered, 'It does.' On cross-examination, this witness testified:

" 'Q Well, after this map right here, the one we are talking about, I believe it is Exhibit 2, after that drawing was prepared that you have been testifying about, you say you went out on the land `and you checked it to see if it was accurate, is that right?

" 'A Yes, sir.'

"*Exhibit 2 is a drawing of that character which is used to illustrate the testimony of witnesses and to give to the jury a better understanding of that testimony.*

"*We hold there was no error in admitting in evidence Exhibit 2. Its correctness, vel non, was for the jury.*" (Emphasis supplied.) (274 Ala. at 688, 689, 151 So.2d at 403, 404).

The case of James v. Mizell, 289 Ala. 84, 265 So.2d 866 (1972), is to like effect:

" \* \* \* *If the witness testifies to the correctness of a map or diagram, whether made by himself or by someone else, and has personal knowledge of the matter depicted, such matters furnish a sufficient predicate for the admission of the map or plat.* It is not necessary that the authenticity of the plat be first established by the cartographer or author of the plat or map. Cooper v. State, 274 Ala. 683, 151 So.2d 399. \* \* \*" (Emphasis supplied.)

The trial court did not err in admitting the map into evidence.

In Assignment of Error Three, the trial court is charged with error when, over the objection of the State, a witness for the landowner was permitted to answer the following question:

" \* \* \* I will ask you if, based on your experience in buying and selling property in that area and throughout Etowah County, Alabama, if you have a judgment as to the reasonable market value of this entire tract of land on October the 25th 1973 before the State of Alabama took any of it."

The only ground of objection stated was:

"MR. BURNS: Judge, I object to this, to his giving any kind of an opinion concerning this, because he has not been qualified as an expert concerning land sales, and he has not been shown to be an appraiser. Just the fact that he has owned and subdivided this land out here does make him an expert to give opinionated testimony."

Tit. 7, § 367, Code of Alabama 1940 (Recompiled 1958) provides as follows:

"*Market value; how proved.*—Direct testimony as to the market value is in

the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

See also State v. Self, 293 Ala. 541, 307 So.2d 11 (1975); State v. Woodham, 292 Ala. 363, 294 So.2d 740 (1974).

 By the express terms of the statute the stated ground of objection is not well taken. When a specific ground of objection is stated, all other unstated grounds of objection are deemed waived. Adams v. State, 291 Ala. 224, 279 So.2d 488 (1973).

The judgment of the trial court is affirmed.

Affirmed.

HARWOOD, MADDOX, McCALL and FAULKNER, JJ., concur.