Roger Cupps and B.A.S.S. Coal, Inc., ("BASS") appeal from a judgment entered against them in favor of Black Warrior Minerals, Inc., ("Black Warrior") on claims of breach of contract, conversion, and fraud. We affirm.
This case arose out of the following facts:
 On August 17, 1987, Black Warrior and BASS signed an agreement in which Black Warrior agreed to "reclaim" the site of a former strip-mine operation. The operation contemplated backfilling, regrading, and replanting the area. The agreement recited consideration in the amount of "ten dollars and other good and valuable consideration." It was signed by Roger Cupps, president and 50% shareholder of BASS. Black Warrior, after an unsuccessful attempt to hire a third party to reclaim the area, undertook the reclamation, using its own equipment. Black Warrior spent approximately $128,658 on the reclamation project.
On May 13, 1988, Black Warrior filed suit against BASS and Cupps. Count one of the complaint alleged that BASS breached its contract of August 17, 1987, to assign, as remuneration for Black Warrior's reclamation work, BASS's rights to a $46,000 performance bond that BASS had previously filed with the Alabama Surface Mining Commission to ensure the reclamation of the site of a former mining operation. Count two alleged conversion as a result of BASS's retention of $26,648 of that bond, which the Commission had already released to BASS. Count three alleged fraud in the inducement. *Page 1326 
On March 2, 1990, a jury returned a verdict against BASS and Mr. Cupps on all three counts. The damages, assessed to each count on separate verdict forms, were broken down as follows:
 Compensatory Punitive
Breach of Contract: $46,147 Conversion: 27,667 $13,711 Fraud: 27,422 13,711 ___________ ___________ $101,236 $27,422 $128,658
The defendants' counsel made no objections to the court's jury instructions and filed no post-judgment motions. On April 12, 1990, the defendants, through new counsel, filed a notice of appeal. On appeal, the defendants argue two issues: First, they contend that the trial court erred in admitting into evidence an exhibit that they insist confused the jury, and second, they argue that the verdict, allegedly based on the improperly admitted exhibit, was illegal and excessive in that, they say, it made multiple awards of compensatory damages and awarded unwarranted punitive damages.
 The Exhibit
BASS and Mr. Cupps contend that the trial court erred in allowing Black Warrior to introduce Exhibit 7, a sheet containing an itemization of Black Warrior's total reclamation cost, in the amount of $128,658. The defendants contend that because Black Warrior's breach of contract and fraud counts alleged only $46,000 in damages for failure to assign the performance bond, the exhibit was irrelevant, prejudicial, and confusing to the jury. BASS and Cupps bolster this contention by pointing out that the damages assessed, as distributed among the three counts, represented the exact amount that appeared on the exhibit. Black Warrior, however, contends that BASS and Mr. Cupps waived their right to assert the error in the admission of the exhibit that they now attempt to assert. Specifically, Black Warrior contends that, at trial, the defendants objected to the evidence on a specific ground other than that of relevancy — the ground they argue on appeal. We agree.
The record reveals the following exchange regarding the admission of the exhibit:
 "Q: I show you at this time what I have had marked as Plaintiff's Exhibit Seven and ask if you can identify this. It is an itemization of work, labor, materials, and equipment that went into that reclamation.
"A: That is it.
 "Q: How much — and you told us approximately — but please tell me what the itemization comes to.
"A: $128,658.
"Q: So, it actually cost you some $128,000 to get this done?
"A: Yes.
"Q: And you got it done in about what —?
"A: Three weeks.
". . .
 "MR. SHERRER: [for the defense] Objection to Seven unless he can show whether it was leased equipment at the regular prices.
"MR. MAX: [for the plaintiff] This is the itemization.
 "MR. SHERRER: Whether it was his equipment or where he would show that was rental value at the time. I object to that, Judge.
 "THE COURT: I think the objection is as to whether that — the objection is over the value of the equipment used.
 "MR. SHERRER: Right. Whether it is reasonable for services at the time, or are they self-serving documents? *Page 1327 
"THE COURT: Could that be specified, Mr. Max?
"Q: Could you just explain how you came up with this?
"A: Those are my cost figures.
"Q: Your cost figures?
 "A: Used every day in our mines — fuel, operation of machinery time.
 "THE COURT: Mr. Perry, this was based on use of your own equipment and the value you attached to it rather than outside leased equipment?
 "A: Yes. I think you will find it quite a bit cheaper than what you can get it [for] on the open market.
 "MR. SHERRER: We object to it not being based on the value of the open market, but what he places on his own equipment.
 "MR. MAX: Judge, let me respond this way. If they wish to show market value, that's fine, but this is the value —
 "THE COURT: I believe that would go to weight rather than admissibility, and it would be admitted into evidence over objection at this time."
(Emphasis added).
"The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882
(Ala. 1987); see also State v. Holloway, 293 Ala. 543, 307 So.2d 13
(1975); Scarbrough v. State, 528 So.2d 890 (Ala.Crim.App. 1988). In other words, "if only a specific objection is made and overruled, the appellate court will not consider any other grounds of objection." C. Gamble, McElroy's Alabama Evidence, § 426.01(11) (3d ed. 1977).
In this case, BASS and Mr. Cupps objected to the admission of the exhibit on the ground that the proponent had failed to establish the basis on which the figures were based and, therefore, the legitimacy of the total amount claimed by Black Warriorfor its reclamation work. That ground was the one understood by the trial judge, as indicated by his remarks. Therefore, the defendants may not now contend that the trial judge erred on the ground that the exhibit bore no relevancy to the right of Black Warrior to BASS's performance bond as alleged in the complaint.
 Damages
BASS and Mr. Cupps insist that the verdict of $101,236 for compensatory damages and $27,422 in punitive damages was excessive in view of the fact that the complaint sought compensatory damages in the amount of only $46,000, the value of the performance bond. They argue that the jury improperly apportioned the damages among the breach of contract, fraud, and conversion counts in order to reach a figure comprising the full cost of Black Warrior's reclamation operation — an amount that Black Warrior had not sought in its complaint.
BASS and Mr. Cupps concede that in the absence of a motion for a new trial, this Court may not review a claim that the verdict was excessive. See Fallaw v. Flowers, 274 Ala. 151,146 So.2d 306 (1962); State v. Ferguson, 269 Ala. 44, 110 So.2d 280
(1959); Humphrey v. Boschung, 47 Ala. App. 310, 253 So.2d 760
(Ala.Civ.App. 1970), aff'd, 287 Ala. 600, 253 So.2d 769 (1971). They contend, nevertheless, that "there is not a scintilla of evidence to justify the amount" of damages awarded in this case. This argument, which, in effect, merely offers us a "back door" through which to review the excessiveness of the verdict, invites us to review thesufficiency of the evidence as though the trial court had denied a motion for judgment notwithstanding the verdict.[1] Black Belt WoodCo. v. Sessions, 514 So.2d 1249, 1251 (Ala. 1986). We can not do this, because no such motion was filed with the trial court. See Ala.R.Civ.P. 50(b); Great Atlantic Pacific Tea Co. v. Sealy,374 So.2d 877 (Ala. 1979); see also University Computing Co. *Page 1328 v. Lykes-Youngstown Corp., 504 F.2d 518 (5th Cir. 1974); Porter v.Eckert, 465 F.2d 1307 (5th Cir. 1972).
Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979), is not contrary to this holding and affords the defendants no support. There, as here, we declined the appellant's invitation to review the excessiveness of the verdict and reversed the judgment in that case solely on the issue of erroneous jury instructions — instructions to which the appellant had properly objected. Because the defendants in this case failed to object to the court's jury instructions, we are not here presented with similar grounds upon which to examine the verdict.
The peculiar procedural posture of this case precludes appellate review of the excessiveness of the verdict or of the sufficiency of the evidence and requires us to affirm the judgment of the trial court. As to the possibility of post-judgment relief under Ala.R.Civ.P. 60(b), we offer no opinion, but for the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.
[1] Although the appellants, in their reply brief, state that they "do not ask this Court in the first instance to review the excessiveness of the jury verdict or to weigh the sufficiency of the evidence," the thrust of their arguments is clearly otherwise. Indeed, the brief of appellants
is rife with statements both expressly challenging the sufficiency of the evidence (pp. 16, 18, 20, 23, 24, 25, 26, 27, 28) and alleging excessiveness of the verdict (pp. 24, 29).