310 So.2d 472

**John Disque AGRICOLA et al.**

**v.**

**HARBERT CONSTRUCTION CORPORATION, a corp., and Ray D. Bass, Individually and as Director of the Highway Department, State of Alabama.**

**SC 1013.**

Supreme Court of Alabama.

March 27, 1975.

W. S. Pritchard, Jr., Birmingham, for appellants.

Lucian L. Smith, Jr., Montgomery, for appellee Ray D. Bass.

James O. Spencer, Jr., and Balch, Bingham, Baker, Hawthorne, Williams & Ward, Birmingham, for Harbert Constr. Corp.

SHORES, Justice.

The facts out of which this proceeding arose are as follows:

On February 8, 1961, a deed was executed by Woodlane Forest Corporation, grantor, Hugh W. Agricola, Jr., president, conveying certain property involved herein to Hugh W. Agricola, Jr., ". . . as legal Guardian for John Disque Agricola, Elsie Claire Agricola, and Susan Camille Agricola, under agreement dated February 8, 1961, . . ." grantee.

This deed was filed for record in the Probate Court of Etowah County on February 9, 1961.

The instrument dated February 8, 1961, in pertinent part, provided:

"THIS AGREEMENT made the 8th day of February, 1961 by and between Woodlane Forest Corporation as grantor and Hugh W. Agricola, Jr., as Trustee for John Disque Agricola, Elsie Claire Agricola and Susan Camille Agricola, as grantee,

"WITNESSETH:

"Whereas the grantor has now and will from time to time convey real estate to grantee, this shall be the terms and conditions of said grants:

"1. Grantee shall hold said lands and the income therefrom in trust for the use and benefit of said cestui Ques. Grantee shall use said lands and the income as he in his sole discretion shall deem expedient and shall not be accountable in any respect to the cestui ques for the disposition of same."

This instrument was recorded July 9, 1968.

In November, 1967, the State instituted proceedings in the Probate Court of Etowah County to condemn a right-of-way over the property described in the aforementioned deed [as well as other properties belonging to other individuals and entities not here involved]. The record shows that, in the condemnation proceeding, Hugh W. Agricola, Jr. and Elsie N. Agricola were listed as owners, and that service of process was served on those individuals on June 13, 1968.

The court entered its order of condemnation on October 1, 1968, holding "That all of the right, title, interest and claim of Hugh W. Agricola, Jr., Elsie N. Agricola [and others not here involved] Is divested out of said parties and a right of way in and to same Is Invested In the State of Alabama . . ."

The present proceeding was begun by the three beneficiaries under the trust referred to above, and by Hugh W. Agricola, Jr., as guardian and trustee therein, against Ray D. Bass, individually and as Director of the Highway Department of the State of Alabama. Harbert Construction Corporation was originally joined as a defendant, but the complaint was dismissed as to it, without objection.

The plaintiffs sought, inter alia, damages for the "unlawful use" and "unlawful taking of their property" in the condemnation proceeding, alleging that the condemnation proceeding failed to join either of them as owners of any interest in the property condemned.

Defendant, Ray Bass, individually and as Director of the Highway Department, State of Alabama, filed a motion for summary judgment, under A.R.C.P. 56, on the ground that there was no genuine issue of any material fact, and that the defendant was entitled to a judgment as a matter of law. The motion for summary judgment was based upon a certified copy of Notice of Process (in the condemnation proceed-

ings) showing service upon Hugh W. Agricola, Jr.

Appellants countered with an affidavit in opposition to the motion for summary judgment, asserting that nowhere in the records of the condemnation proceedings does it appear that the plaintiffs were named as owners of the land condemned; that no service was perfected upon them; that the only evidence of service of process was upon Hugh W. Agricola, Jr. and Elsie N. Agricola; and that none of the plaintiffs had actual notice of the condemnation proceedings and did not appear or participate therein.

The trial court granted the motion for summary judgment, finding:

". . . that the legal title to the real property which is the subject matter of this suit was as of the date of taking, in the condemnation proceeding in the Probate Court of Etowah County, Alabama, vested in Hugh W. Agricola, Jr., subject to the Trust in favor of the Plaintiffs, Elsie Claire Agricola England, Susan Camille Agricola, and John Disque Agricola; and that by virtue of said taking the title to said real property was vested in the State of Alabama. . . ."

This appeal is from that judgment.

The sole question presented is whether Title 19, §§ 3 and 4, Code 1940, have been complied with, so that the order of condemnation is binding upon the appellants here. Title 19, § 3, provides:

"The application [for condemnation] must be in writing . . . and state the names and residences of the owners of each tract and any other parties claiming or holding any right, title, or interest therein, if known, or if unknown, must show that reasonable diligence has been used to ascertain the same."

Title 19, § 4, deals with notice and requires the following:

"On the filing of the application the court must make and enter an order ap-

**10**

pointing a day for the hearing thereof; and must issue to all the owners of such lands and to such other parties as claim or hold any right, title, or interest therein, as reside in the state, notice of the application . . . which must be served by the sheriff . . ."

The State Highway Department argues that Birmingham & A. R. Co. v. Louisville & N. R. Co., 152 Ala. 422, 44 So. 679 (1907), is dispositive of the issue involved here. That case held that, where the party holding legal title was given as the owner in the application for condemnation and was served with notice, that was sufficient to comply with the statute, notwithstanding that the condemning authority had notice of the equitable interest held by the beneficial owner, which was not made a party. However, that case was decided in 1907 and construed a predecessor to the present statute. Unlike the present provisions of Title 19, § 3, the Act then in force provided:

". . . The application must be in writing . . . and state the names and residence of the owners of each tract, if known, or if unknown must show that reasonable diligence has been used to ascertain the same." Act No. 443, General Acts of Alabama 1903, page 374.

The present statute adds the additional phrase [after "owners of each tract"] "and any other parties claiming or holding any right, title, or interest therein."

█ We think the language in the present statute clearly requires that owners of an equitable interest must be named as parties in condemnation proceedings, where they are known.

In fact, the opinion in Birmingham & A. R. Co. v. Louisville & N. R. Co., supra, indicates that this might have been required under the old statute, if the condemning authority had notice of the equitable estate. The case held that "in trust estates the trustee is the only proper party," but noted in that case that there was nothing in

the deeds and records to inform the condemning authority of the equitable estate of the complainant. It was in that factual context that the court held that " . . . while there may be conflict in the authorities on the question as to who is the necessary party under statutes employing the word 'owner,' it seems that there is no conflict upon the proposition that in trust estates the trustee is the only proper party." (152 Ala. at 431, 44 So. at 681)

█ The facts in the present case are remarkably different. It is undisputed that the deed conveying this property to "Hugh W. Agricola, Jr., as legal Guardian for John Disque Agricola, Elsie Claire Agricola, and Susan Camille Agricola, under agreement dated February 8, 1961," and the agreement referred to in that deed, had been filed for record long before the condemnation proceedings were instituted. Under that deed, equitable title to the property was vested in the cestuis que trustent. They held an "interest" in this property; and, of course, the State is charged with notice of that fact. They should, therefore, have been made parties to the condemnation proceedings, and should have been served with notice in the manner prescribed by Title 19, § 4.

The application for condemnation listed Hugh W. Agricola, Jr., and Elsie N. Agricola as owners of the property. This did not meet the facts, nor the requirement of the statute.

Service of process upon Hugh W. Agricola, Jr., without any reference to the existence of the trust estate, was inadequate to bind the cestuis que trustent. They were entitled to noice under Title 19, § 4, as owners of an interest in the property.

█ It goes without saying that statutes conferring the power of eminent domain must be strictly construed in favor of the owner of the property sought to be condemned, Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 75 So. 897 (1917); and, in condemnation proceedings, " . . . the petitioner omits any interest-

ed party at his peril, and pursues the proper course in making a party thereto any one shown by the record to have any interest in the land, or of whom he has notice of a claim of interest therein. . . ." Alabama Power Co. v. Herzfeld, 216 Ala. 671, 673, 114 So. 49, 51 (1927).

As recently as 1973, this court, speaking through Justice Maddox, said:

". . . The proper course is to make a party to the [condemnation] proceedings any one shown by the record to have any interest in the land, or of whom petitioner has notice of a claim or interest therein. [Citation Omitted]" Adams v. State, 291 Ala. 224, 231, 279 So.2d 488, 494.

It follows that the trial court erred in granting the motion for summary judgment, grounded solely upon proof of service on Hugh W. Agricola, Jr.

The judgment is, therefore, due to be reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX and JONES, JJ., concur.