ROBERTSON, Judge.
This appeal follows the granting of a summary judgment in favor of Clarence Webster.
Timothy J. Hand filed an action in Montgomery County in January 1989, seeking workmen’s compensation benefits from Webster for an injury Hand allegedly incurred in July 1987, in the line and scope of his employment with Webster. Hand alleged that Webster was his employer for workmen’s compensation purposes.
Webster subsequently filed a motion for summary judgment with a supporting brief contending that Hand was not Webster’s *748 employee, but was a self-employed, independent subcontractor of Webster. In support of this position, Webster cited his answers to interrogatories posed by Hand, and a complaint filed in Jefferson County by Hand against Webster and others pursuant to § 25-5-11, Code 1975, in which Hand averred that he “was self-employed as a subcontractor” of Clarence Webster. Hand’s brief in opposition to the motion for summary judgment was filed on the same date as the hearing on the motion, which conflicts with the time for opposition set out in Rule 56(c), Alabama Rules of Civil Procedure.
After a hearing on the motion, the trial court determined that Hand “has himself admitted that he was self-employed as a sub-contractor of [Webster] in a companion suit filed in the Circuit Court of Jefferson County” and that “[s]ince [Hand] is self-employed, he would not be entitled to workmen’s compensation benefits from Clarence Webster.” The trial court found that there was no genuine issue as to any material fact, and held that Webster was entitled to a judgment as a matter of law. After Hand’s posttrial motion was denied, he appealed.
The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of Webster.
Hand contends that there was a disputed factual question of whether Hand was Webster’s employee, and, therefore, that summary judgment was improper.
The law regarding summary judgment is well established. Rule 56, A.R. Civ.P., provides that summary judgment, which tests the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). The reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Melton. Additionally, this action was filed after the legislature abolished the scintilla rule, and the movant was required to produce substantial evidence supporting his position that he was entitled to a judgment as a matter of law. § 12-21-12, Code 1975; Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989).
The record reveals that Webster considered Hand a subcontractor and indicated such on the checks paid to Hand by Webster. Hand’s affidavit, offered in opposition to the motion for summary judgment, states in paragraph two that he was “sub-labor” performing work for Webster. Webster produced a complaint filed in another circuit on the same cause of action wherein Hand averred that he was “self-employed as a subcontractor” contracted to Webster. Further, when that complaint was offered to the trial court for consideration, Hand made no objection, but his attorney admitted to the trial court that the allegations in the two complaints were contradictory. When the trial court became aware of the two suits filed in two different counties dealing with the same factual situation, it questioned Hand’s attorney and allowed him the time and opportunity to investigate the situation and report back to the court before it ruled. We are unable to find from our search of the record anything indicating that Hand reported back to the trial court as directed.
Under Rule 56(c), A.R.Civ.P., the party moving for summary judgment has the burden of negating the existence of a genuine issue of material fact. Once that burden has been met, the non-moving party must come forward with substantial evidence to show otherwise. Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989).
We have carefully and thoroughly reviewed the entire record in a light most favorable to Hand. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987). We find that once the burden shifted, Hand failed *749 to offer substantial evidence to raise a genuine issue of fact regarding his relationship to Webster. The trial court was correct to determine that, since Hand was self-employed, he was not entitled to workmen’s compensation from Webster, and that, consequently, Webster was entitled to a judgment as a matter of law.
We find no error in the entry of summary judgment for Webster. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.