ROBERTSON, Presiding Judge.
The sole question before this court is whether a city or municipality has the right, pursuant to §§ 11-47-170 and 11-47-171, Code 1975, to exercise the power of eminent domain to condemn lands outside its corporate limits.
The City of Huntsville (City) designed a master street plan in order to meet the increasing transportation needs of its citizens. Part of this plan involved constructing an extension to Rideout Road outside the corporate jurisdiction. The planned extension continues Rideout Road past University Drive to create a loop around the north end of the City. Along its path, this roadway will pass in and out of the corporate limits of the City at different locations. On September 6, 1990, the city council passed the following resolution in connection with this project:
“[T]he obtainment of the right-of-way is necessary for the public good and public welfare of the City of Huntsville for the purpose of using said right-of-way for the establishment, construction, maintenance, and use of a street or highway, utilities, sanitary sewage, and *373 storm drainage in connection with the Rideout Road Extension.”
Pursuant to this resolution, the City designated the approximately 3.56 acres that is the subject of this appeal (property), as a right-of-way in the Rideout extension project. This property was part of a 49-acre plot owned by Planned Development, Inc. After completing an appraisal of the property, the City offered Planned Development, Inc. the appraised value for the 3.56 acres.
After its offer was rejected, the City filed a condemnation petition with the probate court. The City concedes that the property described in the condemnation petition is located outside its corporate limits. The probate court granted the condemnation petition and awarded damages in the amount of $2,700.
During the course of the condemnation process in probate court, C & S Sovran Credit of Alabama, Inc. (C & S) foreclosed on the 49-acre plot which included the property sought to be condemned. After a final order of condemnation on the property was entered by the probate court, C & S appealed the condemnation order to circuit court for a trial de novo and demanded a jury trial.
Following the appeal to circuit court, Rex B. Brown purchased the 49-acre plot which included the property sought to be condemned from C & S. Brown’s motion to intervene was granted by the trial court, and Brown continued the appeal initiated by C & S.
In accordance with Rule 56, A.R.Civ.P., the trial court considered a motion for summary judgment by the City and a motion for partial summary judgment by Brown on the ground that the property was outside the corporate limits of the City. The City’s motion was denied and is not an issue for the purposes of this appeal. Brown’s motion was granted by the trial court, and the City appeals.
In reviewing an entry of summary judgment, this court must apply the same standard as the trial court. Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). Rule 56, A.R.Civ. P., provides “that summary judgment, which tests the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Hand v. Webster, 569 So.2d 747, 748 (Ala. Civ.App.1990).
In order to resolve the issue of whether a city or municipality has the right to exercise the power of eminent domain to condemn land outside its corporate limits, this court must consider the meaning and scope of §§ 11-47-170 and 11-47-171, Code 1975.
We begin by addressing § 11-47-170, Code 1975. This code section originated in the 1907 General Acts and was essentially unchanged during its numerous reenactments as code sections which occurred in 1909, 1923, 1940, and 1975. Section 11-47-170 provides that:
“Whenever in the judgment of the council or other governing body of a city or town it may be necessary or expedient for the carrying out and full exercise of any power granted by the applicable provisions of this title or any other applicable provision of law, the said town or city shall have full power and authority to acquire by purchase the necessary lands or rights, easements or interests therein, thereunder or thereover or, for the purposes for which private property may be acquired by condemnation, may proceed to condemn the same in the manner provided by this article, or by the general laws of this state governing the taking of lands or the acquiring of interests therein for the uses for which private property may be taken, and such proceedings shall be governed in every respect by the general laws of this state pertaining thereto or by the provisions on the subject contained in this article when the same are followed.”
In considering this section, our supreme court has limited the application of government imposed condemnation by cities, emphasizing that “[a] grant of the power of eminent domain ... will never pass by implication, and when the power is granted, *374 the extent to which it may be exercised is limited to the express terms or clear implication of the statute in which the grant is contained.” City of Birmingham v. Brown, 241 Ala. 203, 207, 2 So.2d 305 (1941) (citation omitted). In Brown, the City of Birmingham argued that § 2295, Code 1923, granted them the authority to condemn land outside of its corporate limits for a public park. The city maintained that, since the provision did not contain a limitation restricting them to land within its corporate limits, it should be able to condemn land outside those limits. Our supreme court held that “such a construction is entirely too broad.” Brown at 208, 2 So.2d 305. The supreme court restricted the city’s right to condemn land within its corporate limits. Brown.
Twenty-eight years later, our supreme court reconsidered this issue in Coden Beach Marina, Inc. v. City of Bayou La Batre, 284 Ala. 718, 228 So.2d 468 (1969). In Coden, the City of Bayou La Batre sought to condemn property outside its corporate limits in order to construct a wharf. Our supreme court in Coden held that the city did not have the power to condemn land outside its corporate limits. The supreme court reasoned that the legislature was aware of the construction placed on the predecessor to § 470, Code 1961, by this court in Brown, but the legislature “did not, in clarifying the provisions of § 470, see fit to grant the power to condemn lands outside the city limits but left the grant of power to condemn limited to land within the city limits, as this court had declared that power to be.” Coden at 723, 228 So.2d 468.
The legislature was aware of our supreme court’s construction of the two predecessors to § 11-47-170 when it re-enacted the statute in 1975. In drafting the above section, the legislature did not specifically grant cities or municipalities the power to condemn property outside their corporate limits. Since such a specific grant of power was not provided by the legislature, we find that the decisions in Brown and Coden concerning restrictions on city and municipality condemnation are still binding on this court.
The city also asks this court to engage in statutory construction concerning the appropriate parameters of § 11-47-171, Code 1975. This code section provides that:
“Whenever in the opinion of the council or other governing body of a city or town, a right-of-way through the lands of others (whether in or out of the city or town) is necessary for obtaining a water supply or for sewerage or drainage purposes and whenever the council or other governing body may determine to change the grade of any street, sidewalk, or public place and whenever any property is needed for any city or town purpose, the council or other governing body shall authorize the mayor or other chief executive officer to attempt to acquire such right by purchase from the owner or owners thereof and, in case of failure, to acquire the same by condemnation.”
Under this section, a city or town may acquire a right-of-way through land outside its corporate limits by condemnation whenever that right-of-way “is necessary for obtaining a water supply or for sewerage or drainage purposes,” and whenever a city or town determines “to change the grade of any street, sidewalk, or public place.” Whenever any property is needed for those purposes in these two categories, the property may be acquired by condemnation.
In considering the two categories enumerated in § 11-47-171 we utilize “ejus-dem generis.” This term of statutory construction provides that “where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated.” Ross Jewelers, Inc. v. State, 260 Ala. 682, 687, 72 So.2d 402 (1953); Flav-O-Rich, Inc. v. City of Birmingham, 476 So.2d 46, 51 (Ala.1985) (citations omitted).
Applying “ejusdem generis,” the phrase “whenever any property is needed for any city or town purpose” in § 11-47-171 is limited to the same category of things listed in that code section which expands the *375 scope of a city’s condemnation power. We find that the facts of this case support Brown’s position that the Rideout road extension does not fall within any one of these categories, and that new highway construction outside the corporate jurisdiction cannot be encompassed by the language of this statute.
Our supreme court has consistently maintained that “[i]t goes without saying that statutes conferring the power of eminent domain must be strictly construed in favor of the owner of the property sought to be condemned_” Agricola v. Harbert Construction Corp., 294 Ala. 7, 10, 310 So.2d 472, 475 (1975). Expanding the scope of § 11-47-171 to include new road construction projects outside the corporate limits of a city or municipality is contrary to this basic principle of statutory construction. If the legislature had intended for new highway construction outside the corporate limits to be encompassed by § 11-47-171, Code 1975, it would have so stated. See Ex parte Clayton, 552 So.2d 152 (Ala. 1989).
The City’s final contention that Brown is estopped from raising the issue of its authority to condemn is without merit. The single case cited by the city in support of its position, Alabama Great Southern R.R. v. Brown, 215 Ala. 533, 112 So. 131 (1927), is factually distinguishable from the case at bar. In that case, our supreme court held that where the owner of property has knowledge that the railroad company is constructing railroad tracks, etc., thereon, and consents and allows the company to construct the tracks and expend large sums in improvements, he will be estopped from then ousting the railroad company by ejectment.
In this case, Brown and Brown’s predecessors in ownership of this property have rejected the City’s offer to purchase and have resisted the City’s attempt to condemn this property through the appeal to circuit court for a trial de novo. Might-does not make right, and the doctrine of equitable estoppel is not applicable in this matter.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.